### SOLOMON v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. December 20, 1907.)

STREET RAILROADS—COLLISION WITH VEHICLES—DAMAGES.

In an action for injuries to plaintiff's horses and truck in a collision with defendant's car and for the services of a veterinarian, the evidence showed that the value of one of the horses before the accident was $200 and that right afterwards it was not worth over $5, but that after treatment by the veterinarian it was able to do light work. Its value after recovery was not shown. *Held*, that defendant, having been called on to pay for the veterinary services, was entitled to the benefit of any resulting appreciation in the value of the horse, and in the absence of proof as to the difference in value prior to the injury and after recovery there was no basis for the assessment of damages to the horse.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Jacob Solomon against the New York City Railway Company. Judgment for plaintiff, and defendant appeals. Reversed, unless plaintiff stipulate to reduce the judgment, in which case the judgment, as modified, to be affirmed.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

William E. Weaver, for appellant.

Emanuel Klein, for respondent.

PER CURIAM. Plaintiff sued to recover for damages to personal property sustained by one of defendant's cars colliding with plaintiff's two-horse truck. The jury rendered a verdict in plaintiff's favor for $345.

It is not strenuously urged by the appellant that the plaintiff was not entitled to recover; but the sufficiency of the evidence as to the damages sustained is attacked, and the claim is made by the defendant that such evidence is inadequate to support the verdict. There was sufficient testimony to support the claim for damage to the harness of $50, for the hire of a substituted horse, during the time one of the defendant's horses was unable to work owing to his injuries, of $72, and to the amount of $50 paid a veterinary surgeon for his services. These amounts aggregate $172. The balance of the verdict is evidently for damages to the injured horse. The testimony regarding that horse

was that its value immediately before the accident was $200, and that at the time of the accident it was not worth over $5; but it was shown that, after treatment by the surgeon for about six weeks, it had so far recovered as to be able to do light work, and what its value was after recovery was not shown. The defendant, having been called upon to pay for the services of the surgeon, was clearly entitled to the benefit of any resulting appreciation in the value of the horse, and proof should have been given as to the difference in value just prior to his injury and his value after recovery. There was no proper basis for the damages as assessed. The judgment must therefore be reversed, unless the plaintiff will stipulate to reduce the recovery to $172.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event, unless plaintiff will stipulate within five days to reduce the judgment to $172, with appropriate costs in the court below, in which event the judgment, as modified, will be affirmed, without costs of this appeal to either party.